UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

HAIDAR ABO AYEDH ALMUNTASER,

            Defendant.

\*
\*
\*
\*
\* Case No. 25-cr-00018
\* Hon. JEFFREY U. BEAVERSTOCK
\*
\*
\*
\*

_____

CHRISTOPHER JOHN BODNAR
Assistant US Attorney
63 South Royal Street, Suite 600
Mobile AL 36602
(251) 441-5845
Email: Christopher.bodnar@usdoj.gov

MICHAEL J. DITTOE
USDOJ
950 Pennsylvania Avenue, Suite 7619A
Washington DC 25030
(202) 307-3804
Email: Michael.dittoe@usdoj.gov

SANFORD A. SCHULMAN
Lead Attorney for Defendant:
      HAIDAR ABO AYEDH ALMUNTASER
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

RICHARD K. KEITH
Co-Counsel and Attorney for Defendant
22 Scott Street
Montgomery AL 36104
(334) 264-6776
Email: rkk@rkeithlaw.com
_____/

## DEFENDANT HAIDAR ABO AYEDH ALMUNTASER'S MOTION TO SET ASIDE AND REVOKE THE ORDER OF DETENTION AND REINSTATE THE ORDER OF RELEASE WITH A REQUEST FOR HEARING

NOW COMES the Defendant, HAIDAR ABO AYEDH

ALMUNTASER ("Defendant"), by and through his attorneys,

SANFORD A. SCHULMAN and RICHARD KEITH and hereby moves

this Honorable Court, pursuant to 18 U.S.C. §3145(b), to revoke the

Order of Detention, Reinstate the Order for Bond and Release and

schedule a hearing for the following reasons:

## STATEMENT OF FACTS

## BACKGROUND

Haidar Almuntaser appeared for his detention hearing in Detroit, Michigan on February 20, 2025.  The magistrate judge heard from the Government and defense and ordered that a bond with a number of conditions be entered because the magistrate judge found that Mr. Almuntaser was neither a flight risk nor a threat to the community.  (Exhibit 1:  Detention Hearing, February 20, 2025, Eastern District of Michigan, Magistrate Judge David R. Grand).

This Court granted the Government's motion to stay the magistrate judge's order pending Mr. Almuntaser's appearance in Montgomery, Alabama district court.

The Government in their motion to stay the magistrate judge's order granting bond noted that Mr. Almuntaser is charged with international money laundering conspiracy.  The Government argues that two co-defendants, Mohamed Yehya Alsahquano and Nagi Nassar Alsahquani wired thousands of dollars from Alabama to human smugglers to assist people into the United States.  To be clear, it is not even alleged that Haidar Almuntaser was ever in Alabama or that he wired any money to anyone.

The case against Haidar involves his abrupt departure from Yeman to escape the life-threatening situation he faced when the rebel and designated terrorist group, Houthis, threatened him because he refused to be recruited into their organization. (See Exhibit 2: Respondent's I-589, Application for Asyluym and for Withholding of Removal filed on his behalf).

Haidar was wired approximately $700 to sustain him through his extensive travels through various South American countries through Mexico and into the United States where he presented himself and submitted an asylum petition.  Haidar has a brother, Fahed Almuntaser who resides in New York and a siser Islam Almuntaser who resides in North Carolina with whom he lived from April 2021 until 2022.  He then went to live with his aunt and uncles in Yonkers, New York in 2022.

On August 8, 2023, Haidar married Salwa Shohatee, an American Citizen with whom he lives in Dearborn, Michigan along with their new born son Arkan Almuntase and Salwa's child from her previous marriage (her first husband passed away tragically).  Haidar and Salwa are expecting their second child.

Haidar has had no contact with police.  He has no criminal history.  He does not own or possess firearms.  He has been working at two jobs, Amazon and a restaurant LaPita in Dearborn, Michigan He is a good husband, father and employee.  His wife attended the detention hearing and is prepared to serve as a third-party custodian. His employers are both willing to allow him to return.

Haidar is a soft spoken and gentle person who had to flee from Yeman, to avoid being part of a terrorist organization.  He is the sole supporter of his young family and is very involved in the Muslim community.  While his name is not on the mortgage, he has been the sole contributor to the monthly payments and utilities (See Exhibit 3: Mortgage Statement)

Among the documents attached is Haidar's social security card allowing him to work.  He pays taxes and spends all of his time caring for wife and his son (who suffers from multicystic dyspastic kidney disorder requiring frequent medical appointments and health needs.

## SUMMARY OF ARGUMENT

For four years Haidar Almuntaser has been living in the United States without incident. For four years he has married and started a remarkable family. His focus is sole on supporting his family. He is not a flight risk, very much the opposite. He hope to have opportunity to stay in the United States and he and his wife are purchasing a home in Dearborn, Michigan.

As for a danger to the community, Haidar is actually the very opposite. Last January 1st, Haidar turned 30 years old. He has no criminal history and this case does not involve Haidar wiring money, drug possession or distribution or firearms. Indeed, the Government's characterization of the facts focuses far more on two co-defendants who have little if any connection to Haidar.

This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention. Pursuant to Title 18 U.S.C. 3142(e) there are conditions or combination of conditions for release for the instant offense. Defense would also submit that the Government has failed to present sufficient evidence that Defendant is a substantial threat to the community, a flight risk and that counsel

for Defendant has presented evidence justifying this Court setting a reasonable bond with conditions under 18 U.S.C. § 3142(f).

As the magistrate judge in Detroit, Michigan found, there are conditions of release which will assure the Court of Defendant's appearance at future court appearances as stated in 18 U.S.C. §3142(c).  Numerous individuals in the Dearborn Community have contributed to the legal defense and to assist the family while this case is pending.  Haidar and his wife are of very modest means and the community has very limited resources.  Nevertheless, the undersigned has agreed to represent Haidar throughout the case. Local counsel has also been retained.  All of this demonstrates the strong community support and that Haidar has ever intention to adjudicate this case.  This court should also be mindful that Haidar is presumed innocent and that this is not a presumptive case for bond purposes.

Defense counsel is requesting that a hearing be scheduled as expeditiously as possible.

WHEREFORE, the Defendant, HAIDAR ABO AYEDH ALMUNTASER by and through his attorneys, SANFORD A. SCHULMAN and RICHARD KEITH respectfully requests that this Court hold a hearing, revoke the Order of Detention and enter an Order reinstating the bond and the conditions set by the Magistrate Judge for the reasons so stated.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Lead Attorney for Defendant:
     HAIDAR ABO AYEDH ALMUNTASER
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

/s/ Richard K. Keith
RICHARD K. KEITH
Co-Counsel and Attorney for Defendant
     HAIDAR ABO AYEDH ALMUNTASER
22 Scott Street
Montgomery AL 36104
(334) 264-6776
Email: rkk@rkeithlaw.com

Date:  March 5, 2025

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

HAIDAR ABO AYEDH ALMUNTASER,

           Defendant.
_____

\* Case No. 25-cr-00018
\* Hon. JEFFREY U. BEAVERSTOCK

CHRISTOPHER JOHN BODNAR
Assistant US Attorney
63 South Royal Street, Suite 600
Mobile AL 36602
(251) 441-5845
Email: Christopher.bodnar@usdoj.gov

MICHAEL J. DITTOE
USDOJ
950 Pennsylvania Avenue, Suite 7619A
Washington DC 25030
(202) 307-3804
Email: Michael.dittoe@usdoj.gov

SANFORD A. SCHULMAN
Lead Attorney for Defendant:
      HAIDAR ABO AYEDH ALMUNTASER
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

RICHARD K. KEITH
Co-Counsel and Attorney for Defendant
22 Scott Street
Montgomery AL 36104
(334) 264-6776
Email: rkk@rkeithlaw.com
_____/

## BRIEF IN SUPPORT OF DEFENDANT HAIDAR ABO AYEDH ALMUNTASER'S MOTION TO SET ASIDE AND REVOKE THE ORDER OF DETENTION AND REINSTATE THE ORDER OF RELEASE WITH A REQUEST FOR HEARING

ARGUMENT

18 U.S.C. § 3148(b)(1) sets forth the standard for revocation of release. The Court can revoke Defendant's bond if there is (A) probable cause to believe that Defendant has committed a federal, state, or local crime while on release; or (B) clear and convincing evidence that Defendant has violated a condition of his release and that he is unlikely to abide by any condition or combination of conditions of release.

The Bail Reform Act, 18 U.S.C. § 3142, requires that a defendant be released pending trial unless there are no conditions that will reasonably assure the appearance of the person at future court proceedings and the safety of the community. See 18 U.S.C. § 3142(e). A court may, however, order detention of the defendant if the court finds that no set of conditions will reasonably assure the

appearance of the person and the safety of the community. See 18 U.S.C. § 3142(f).

Defendant poses neither a danger to the community, nor is he a risk of flight under 18 U.S.C. § 3142(f).  He has family in New York area who are willing to put up any property as surety.  Consequently, there are conditions of release which will assure the court of Defendant's appearance at future court appearances and the safety of the community, as stated in 18 U.S.C. §3142(c). THE PENDING CASE IS NOT A PRESUMPTIVE CASE, DOES NOT ALLEGE ANY ACTS OF VIOLENCE.

## II. STANDARD OF REVIEW

Title 18 U.S.C. § 3145(c) provides that review of the detention order upon motion of the defendant "be determined promptly".   On such an appeal, the District Court will conduct a de novo review of the bond issue.  United States v. Hazime, 762 F.2d 34 (6th Cir. 1985).  In Hazime, the Sixth Circuit explained:  This court does not conduct evidentiary hearings and hear witnesses, and we will not disturb the factual findings of the District Court and magistrate in pretrial hearings unless we determine those findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the

legal conclusions of District Court, however, remains that of de novo consideration... Id. at 37.

The district court must ultimately decide the issue of detention without deference to the magistrate judge's conclusion. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). The district court should conduct a de novo review of the findings of fact underlying the initial detention Order. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985); United States v. Maull, 773 F.2d 1479, 1481 (5th Cir. 1985); United States v. Yamini, 91 F. Supp. 2nd 1125 (S.D. Ohio 2000).

Title 18 U.S.C. §3142(e) provides that detention is appropriate only where the court finds that no condition or combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community. This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception." United States v. Bell, 673 F. Supp. 1429, 1430 (E.D. Mich. 1987), citing United States v. Salerno, 107 S.Ct. 2095 (1987).

Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985). The structure of the statute mandates every form of release be considered before detention may be imposed. Id. at 892. Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant. United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990).

This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

Title 18 U.S.C. 3142(e) states that, subject to rebuttal, it is presumed that there are no conditions or combination of conditions for release for the instant offenses. This is not a presumptive case, however. Nevertheless, the defense would submit that the Government has failed nevertheless to present sufficient evidence that Defendant is either a threat to the community or a flight risk and that this presumption has been overcome and that a bond should issue. 18 U.S.C. § 3142(f).

There are conditions of release which will assure the court of Defendant's appearance at future court appearances and the safety of the community, as stated in 18 U.S.C. §3142(c).

### III. ALTERNATIVES TO INCARCERATION

1.  Release on Conditions

Defendant should be granted release on conditions under 18 U.S.C. §3142(c) because there are conditions of release that will ensure that he does not pose a danger to the community and these conditions will sufficiently ensure his appearance at future court proceedings.

18 U.S.C. § 3142(c) provides for release on conditions.  The section provides:

(1) If the judicial officer determines that the release described in  subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –

(A)    subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and (B) subject to the least restrictive further condition, or combination of conditions,

that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person –

(i)    remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court.  (iv) abide by specified restrictions on personal association, place of abode, or travel; (vi)  report  on  a  regular  basis to  a designated law enforcement agency, pretrial services agency, or other agency; (vii) comply with a specified curfew;  (viii) refrain from possessing a firearm, destructive  device,  or  other  dangerous weapon; (ix)  refrain  from  excessive  use  of alcohol, or any use of a narcotic drug or other controlled substance; (xi) execute a bail bond with solvent sureties  in  such  amount  as  is  reasonably necessary to assure appearance of the person as required...

18 U.S.C. §3142(c) (emphasis added).

Defendant is not a flight risk and is presumed to be innocent. The magistrate judge ordered and counsel for Defendant is recommending that defendant be released on a tether with home confinement.  He would only be allowed release from home with an

electronic tether for work, religious attendance, medical appointment for him and his son, to consult with his attorney and attend court hearings.

The electronic monitoring program enables a defendant to remain at home while allowing Pretrial Services to accurately monitor his movement. This program stems from the Bail Reform Act's mandate that "if the judicial officer determines that release described in subsection (b) of this section [release on personal recognizance] will not reasonably assure the appearance of the person as required ... such judicial officer shall order the pretrial release of the person - subject to the least restrictive further conditions or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. §3142 (emphasis added). The tether program requires a defendant to wear an electronic monitor and be available to call or accept calls from Pretrial Services for the duration of his home confinement. The program also requires a "tethered" defendant to have a local phone number, have a state residence, and not have a cordless phone or answering machine (both of which interfere with the necessary electronic hook-up).

Defendant will reside in the Detroit area and will comply with all terms and conditions imposed by the Court.

WHEREFORE, the Defendant, HAIDAR ABO AYEDH ALMUNTASER by and through his attorneys, SANFORD A. SCHULMAN and RICHARD KEITH respectfully requests that this Court hold a hearing, revoke the Order of Detention and enter an Order reinstating the bond and the conditions set by the Magistrate Judge for the reasons so stated.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Lead Attorney for Defendant:
    HAIDAR ABO AYEDH ALMUNTASER
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

/s/ Richard K. Keith
RICHARD K. KEITH
Co-Counsel and Attorney for Defendant
    HAIDAR ABO AYEDH ALMUNTASER
22 Scott Street
Montgomery AL 36104
(334) 264-6776
Email: rkk@rkeithlaw.com

Date:  March 5, 2025